## PUENTE *v.* OTERO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 128.—Resuelto en Junio 14, 1904.

DIVORCIO—ABANDONO.—El abandono de un cónyuge por el otro, por un término mayor de un año, es una de las causas que dan lugar al divorcio con arreglo al artículo 164 del Código Civil.

ID.—El hecho de que el esposo se hubiere ausentado para un país extrangero y residido en él por un periodo mayor de un año, justificándose que durante tal ausencia enviara dinero á la esposa y la escribiera varias cartas, no constituye el abandono que como causa de divorcio establece el Código Civil.

## EXPOSICIÓN DEL CASO.

En los autos del juicio declarativo seguido en el Tribunal del Distrito de Mayagüez, entre partes, de la una, como demandante, Doña Rosario Puente y Acosta, representada y dirigida en la primera instancia por su abogado defensor Don Benito Forés y en esta Superioridad, por el de la misma clase Don Sandalio Torres Monge, y de la otra, como demandado, Don José Antonio Otero y Alomar, que no ha comparecido en el juicio, por cuyo motivo se ha seguido contra él, en rebeldía, sobre divorcio; autos pendientes ante Nos. á virtud de la apelación establecida por la representación de la demandante contra la sentencia pronunciada por el referido Tribunal de Distrito; la que copiada á la letra dice así:

"*Sentencia.*—En la ciudad de Mayagüez á quince de Abril de mil novecientos tres. Visto este juicio declarativo seguido por Doña Rosario Puente y Acosta, casada, mayor de edad, de atenciones domésticas, residente en la ciudad de San Germán, á quién representa y dirige el Letrado Don Benito Forés, contra Don José Antonio Otero y Alomar, mayor de edad, casado cuyo domicilio se ignora, declarado en rebeldía, sobre divorcio.

1. *Resultando*: que la parte actora funda su demanda en razón de que por haber contraido matrimonio civil en esta ciudad, con el citado José Antonio Otero y Alomar, en diez y séis de Julio de mil

novecientos, como se comprueba con la certificación acompañada, y que habiendo vivido juntos por espacio de algún tiempo sin procrear ningún hijo, en el mes de Febrero de mil novecientos uno, la llevó á San Germán á casa de su madre Doña Rosario Acosta para que permaneciera allí hasta que la mandara á buscar de Santo Domingo, á donde se marchó en Mayo del propio año: que cansada de esperar sólo recibió diez pesos y varias cartas en las que prometía regresar á ésta, lo que no verificó, demostrando con ello un abandono completo, pasando la demandante las mayores miserias y sacrificándose en duros trabajos para atender á su subsistencia y la de dos hijos que tuvo en su primer matrimonio: que por el contexto de las cartas que la dirigiera su esposo, se desprende ese abandono, por recriminarla injustamente en su conducta y buen proceder, siendo público y notorio que durante la permanencia en la casa de su madre y actualmente, en la de su hermana, ha vivido retraida por completo, alejada de diversiones y reuniones públicas, esperanzada de que su marido la mandase buscar ó regresare junto á ella, cosa que no verificó sino que por el contrario parece quiere cohonestar su mal proceder, sin que sepa el verdadero domicilio de aquél, por la revolución existente en Santo Domingo, según su última carta; no aportando nada ninguno de los cónyuges; que ella siempre ha residido en esta Isla sin ausentarse de ella por ningún motivo; y termina suplicando que en su día se dicte sentencia declarando con lugar el divorcio y roto el vínculo matrimonial con lo demás prevenido en el Código Civil.

2. *Resultando*: que admitida la demanda, se dió traslado de ella al Ministerio Fiscal y al demandado, á quién se emplazó por medio de edictos que se fijaron en los estrados del Tribunal y publicaron en dos diarios de la localidad, por el término legal, por ignorarse el paradero de dicho demandado; y vencido aquél término, se le declaró en rebeldía, haciéndosele las demás notificaciones que recayeren en los estrados del Tribunal.

3. *Resultando*. que convocadas las partes á una comparecencia para proponer pruebas, únicamente concurrió la representación de la actora, quién propuso la documental y testifical que fué admitida por el Tribunal, señalándose día y hora para su práctica, previa citación contraria, en el acto del juicio oral.

4. *Resultando*: que al acto del juicio oral sólo concurrió el Letrado representante de la parte actora y declarado abierto dicho acto se practicó la prueba testifical, renunciándose la documental propuesta, y alegando todo lo que estimó pertinente á su derecho.

5. *Resultando*: que en el día y hora designados, fué votada en público esta sentencia por unanimidad.

6. *Resultando*: que en la sustanciación de este juicio se han observado las reglas del procedimiento.

Visto siendo Ponente el Juez Asociado don Enrique Gonzalez Darder: y

1. *Considerando*: que si bien se ha alegado por el demandante y como causa de divorcio en este pleito, el abandono por término de un año en que ha tenido el esposo á su esposa, este abandono ó causa no ha sido justificado de ningún modo por la demandante, que debió justificarla.

2. *Considerando*: que es principio general de derecho, que en toda demanda ó juicio la prueba incumbe el actor, y que mientras esta no sea convincente debe ser el demandado absuelto de aquella "Actore non probante reus est absolvendus."

3. *Considerando*: que según sentencia de 26 de Febrero de 1867 y 14 de Marzo de 1870 del Tribunal Supremo Español la prueba incumbe al demandante.

4. *Considerando*: que según la Orden General número 118 regla 63, año 1899, el litigante cuyas pretensiones en juicio hayan sido totalmente desestimadas, debe ser condenado en costas.

Vistas las disposiciones legales citadas.

*Fallamos*: que debemos absolver y absolvemos á Don José Antonio Otero y Alomar de la demanda de divorcio entablada contra él por su esposa Doña Rosario Puente y Acosta, con las costas á ésta. Y así por esta nuestra sentencia lo pronunciamos, mandamos y firmamos.—Arturo Aponte.—J. A. Erwin, Enrique Gonzalez Darder.—Juan Arroyo Mestre."

*Resultando*: que contra esta sentencia interpuso apelación la representación de la demandante Doña Rosario Puente y Acosta, la que le fué admitida libremente y en ambos efectos; y que elevados los autos á esta Superioridad, con citación y emplazamiento de las partes, y personada la apelante, se dió al recurso la tramitación correspondiente, señalandose día para la vista, á cuyo acto sólo asistió el Sr. Fiscal de este Tribunal Supremo, que impugnó el recurso.

Abogado del apelante: *Sr. Torres Monge.*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

La parte apelada no compareció.

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Considerando*: que si bien el abandono de la mujer por su marido, ó del marido por su mujer, por un término mayor de un año, es una de las causas que dan lugar al divorcio, con arreglo al artículo 164 del nuevo Código Civil, en el presente caso no se justifica el abandono alegado por la demandante, pues si bien resulta que el esposo se marchó para Santo Domingo, donde reside hace más de un año, no así que la haya abandonado completamente, pués antes al contrario, la demandante Doña Rosario Puente manifiesta en su demanda que durante la ausencia de su marido, éste le ha enviado algún dinero y le ha escrito varias cartas, lo que demuestra que no es cierto el abandono de la esposa, alegado como fundamento del divorcio.

Visto el artículo citado del Código Civil vigente.

*Fallamos* que debemos confirmar y confirmamos la sentencia apelada con las costas á la parte apelante.

Jueces concurrentes: Sres. Hernández, Figueras y MacLeary.

El Juez Asociado Sr. Sulzbacher, no formó Tribunal en la vista de este caso.